**SO ORDERED.**

**SIGNED this 16 day of May, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>ROBERT R. AMERSON,<br>SUE H. AMERSON,<br><br>    DEBTORS. | CHAPTER 11<br>CASE NUMBER: 12-03716-8-RDD |
| FLANDERS/PRECISIONAIRE<br>CORPORATION; FLANDERS<br>CORPORATION,<br><br>    PLAINTIFFS,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON<br>TRUST COMPANY, NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR<br>MORGAN STANLEY CAPITAL I INC.,<br>COMMERCIAL MORTGAGE PASS-<br>THROUGH CERTIFICATES, SERIES<br>2007-IQ14; WAL-PAT II, LLC; ACPM<br>OPERATIONS, LLC; ROBERT<br>AMERSON; AND STEVEN CLARK,<br><br>    DEFENDANTS. | ADVERSARY PROCEEDING<br>NUMBER: 14-00022-8-RDD |

**ORDER**

Pending before the Court is the Motion to Dismiss the Ninth, Tenth and Eleventh Claims for Relief and Incorporated Memorandum of Law filed by the defendant Robert. R. Amerson on March 20, 2014, the motion to dismiss for failure to state a claim pursuant to Bankruptcy Rule 7012 and Rule 12(b)(6) as included within the Answer to Complaint filed by the defendant Wal-Pat II, LLC ("Wal-Pat") on March 24, 2014, The Plaintiffs' Motion to Dismiss all Claims for Relief Against Defendant Robert R. Amerson filed by Flanders/Precisionaire Corporation and Flanders Corporation (collectively referred to herein as "Flanders" unless individually identified) on March 28, 2014, the Motion to Dismiss Flanders Corporation's and Flanders/Precisionaire Corporation's Tenth and Eleventh Claims for Relief Pursuant to Fed. R. Bankr. P. 7012 filed by the Bank of New York Mellon Trust Company, National Association (the "Bank of NY Mellon") on April 14, 2014.  The Court conducted a hearing on May 6, 2014, in Greenville, North Carolina to consider these matters.

On January 15, 2014 and January 16, 2014, Flanders commenced litigation by filing complaints against Robert R. Amerson ("Amerson"), Bank of NY Mellon, Wal-Pat II, LLC, ACPM Operations, LLC, and Steven K. Clark (the "Defendants") in the North Carolina Superior Courts for Bladen County and Johnston County, Case Numbers 14-CVS-18 and 14-CVS-152, respectively (the "Litigation"). The complaints in each action are essentially identical, containing 372 numbered paragraphs and thirteen distinct claims for relief, many of them alternative claims (the

"Complaints"). Only three of those claims, the Ninth, Tenth, and Eleventh Claims for Relief[1], seek relief against Amerson (collectively, the "Amerson Claims").

On February 6, 2014, Amerson filed a Notice of Removal of State Court Action to the United States Bankruptcy Court (the "Notice of Removal"). Amerson's Notice of Removal related to all of the claims set forth in the Complaints, not just the Amerson Claims. Upon the filing of the Notice of Removal, the pending actions were removed to the Bankruptcy Court's docket and assigned Adversary Proceeding numbers 14-00020-8-RDD and 14-00022-8-RDD.

On April 7, 2014, this Court entered an order remanding the ten non-core claims, consisting of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Twelfth and Thirteenth Claims for Relief to the North Carolina Business Court, the Honorable John R. Jolly, Jr., Judge Presiding. As to the Ninth, Tenth, and Eleventh Claims for Relief, Amerson moves to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated by Bankruptcy Rule 7012(b). Pursuant to its Answer filed on March 24, 2014, Wal-Pat moves to dismiss the complaint for failure to state a claim pursuant to Bankruptcy Rule 7012 and Rule 12(b)(6), and The Bank of NY Mellon moves to dismiss the Tenth and Eleventh Claims for Relief pursuant to Federal Rule of Civil Procedure

---

[1] **Ninth Claim for Relief:** In the alternative, and in the event that the Court determines that Flanders owes any amount under the Leases, then Flanders seeks contribution and/or indemnity against Wal-Pat, Amerson, and Clark because any amount which Flanders pays to Bank of NY under the Leases will reduce, dollar for dollar, the obligations of Wal-Pat, Amerson, and Clark to Bank of NY, on which they have paid nothing.

**Tenth Claim for Relief:** Flanders asserts that Bank of NY, Amerson, and Wal-Pat entered into an agreement whereby those parties would focus solely on recovering the entire balance of the Loan from Flanders while Amerson would be required to pay nothing on account of his obligation to Bank of NY for the entire balance of the Loan. That agreement is evidenced by the language in Amerson's Plan of Reorganization wherein Bank of NY defers its claims against Amerson, statements made at the confirmation hearing that Amerson was to be used as a tool to recover money, rather than as a source of money, and Bank of NY's actions in promptly thereafter demanding more than $4,400,000.00 in alleged past due rents from Flanders.

**Eleventh Claim for Relief:** Flanders asserts that the actions of Bank of NY, Amerson, and Wal-Pat constitute tortious interference with contract where Bank of NY demands that Flanders pay rent nearly double the amount which Flanders has paid for the prior five (5) years pursuant to its contract with Wal-Pat and where Amerson has offered testimony which is directly contrary to the terms of the agreements he entered into with Flanders on behalf of Wal-Pat.

12(b)(6) as incorporated by Bankruptcy Rule 7012(b). Flanders moves to dismiss all claims for relief against Amerson, but not any claims against any other defendant pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(2). The defendant, Steven K. Clark ("Clark"), moves to dismiss the Ninth, Eleventh, and Thirteenth Claims for Relief pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated by Bankruptcy Rule 7012(b)[2].

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Angell v. Ber Care, Inc.* (*In re Caremerica, Inc.*) 409 B.R. 737, 745 (Bankr. E.D.N.C. July 23, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)). There are "two working principles" upon which the heightened pleading standard rests:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 747 (quoting *Iqbal*, at 1949).

### I. NINTH CLAIM FOR RELIEF:

Flanders' Ninth Claim for Relief states that "[p]rinciples of equity and justice require that Wal-Pat, Amerson, and Clark be held responsible to Flanders to the extent that Flanders is required to pay money which reduced their respective obligations owing on the loan to [Bank of NY Mellon]". Flanders fails to set forth any statutory, contractual, or other basis which would entitle

---

[2]Clark's motion was filed on May 7, 2014. As its grounds for dismissal as to the Ninth Claim for relief are the same as Mr. Amerson's, Mr. Clark's motion will be considered.

it to the relief requested. Flanders has failed to show any contractual obligation as obligor to pay the loan made by the Bank of NY Mellon to Wal-Pat. Flanders did not sign the note. Flanders Precisionaire Corporation did sign two Subordination and Non-Disturbance Agreements, and Flanders Corporation signed two guaranties of the leases, but those documents do not make Flanders liable for any portion of the note, on which Wal-Pat is the obligor and Amerson and Clark are contingent guarantors.

Flanders claims Amerson, Wal-Pat, and Clark have contribution and indemnity liability to Flanders, should Flanders be adjudged to owe any amount to the Bank of NY Mellon. Contribution is a statutory remedy, recognized and codified in North Carolina as the Uniform Contribution Among Joint Tortfeasors Act. A claim for contribution only arises when "two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death." N.C. Gen. Stat. § 1B-1(a). When this occurs, "there is a right of contribution among them even though judgment has not been recovered against all or any of them." *Id.* In order to obtain contribution, the party seeking contribution must show that it and the party from whom it is seeking contribution are joint tortfeasors.

The three generally recognized situations in which indemnity arises include: "(1) an express contract; (2) a contract implied-in-fact; or (3) equitable concepts arising from the tort theory of indemnity, often referred to as a contract implied-in-law." *Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 38 (2003).

In the Ninth Claim for relief, there are no facts pled and therefore no cause of action pled by Flanders that would make Amerson, Flanders, Clark, and Wal-Pat jointly and severally liable. Even Amerson, Clark, and Wal-Pat, are not jointly liable on the note to The Bank of NY Mellon.

5

Only Wal-Pat has obligor liability to the Bank of NY Mellon. Amerson and Clark are only liable on a conditional guaranty, which condition has never been alleged as having been met.  Therefore, there is no joint liability as joint tortfeasors, and clearly no joint liability according to any sort of indemnity contractual remedy. *See Kaleel Builders, Inc. v. Ashby,* 161 N. C. App. 34 (2003).  There are no contracts on which Flanders, Amerson, Clark, and Wal-Pat are jointly liable for the indebtedness to the Bank of NY Mellon.  At oral argument, counsel for Flanders conceded that the claim for indemnity was a stretch as there was no express or implied contractual liability between the parties.  Counsel expressed, however, that contribution was the equitable thing to do under these facts.  However, equity, without an underlying joint and several liability, is not enough.  Therefore, the Ninth Claim for relief fails to state a claim for which relief can be granted, and is **DISMISSED WITH PREJUDICE** as to the defendant's Wal-Pat, II, LLC, Robert Amerson, and Steven Clark.

### II. TENTH CLAIM FOR RELIEF:

The Tenth Claim for relief against The Bank of NY Mellon, Wal-Pat, and Amerson alleges a request for damages pursuant to wrongful acts pursuant to conspiracy.  As to the Tenth Claim for Relief paragraph 337 of the Complaint provides:

> Following the default by Wal-Pat II under the Loan, there have been discussions by and among The Bank of New York, Wal-Pat II, and Amerson whereby those parties reached an agreement that The Bank of New York would not attempt to recover from Wal-Pat II, Amerson, or Clark on their obligations for the outstanding amount of the Loan, but that all parties focus solely on recovering the outstanding amount of the Loan from Flanders. (Complaints, ¶ 337)

The substance of the allegation is that these defendants have some wrongful agreement and are working together in defense of any claim Flanders may claim against the Bank of NY Mellon.

The treatment of The Bank of NY Mellon as set out in the Second Amended Plan which was confirmed, preserves rights for both Amerson and The Bank of NY Mellon, and sets forth no facts which would rise to the level of a wrongful act furthered by a conspiracy. The Second Amended Plan and its provisions were served on creditors, which included Flanders, and the Second Amended Plan was confirmed in open court and by order entered on September 17, 2013.

There are no allegations that any of these defendants have offered false testimony, have suborned perjury of each other, or wrongfully engaged in any sort of tortious conduct towards Flanders. "When recovery is sought on the basis of civil conspiracy, it is the sufficiency of the pled wrongful acts which is important, and the gravamen of the action is the resultant wrong, and not the conspiracy itself." *Muse v. Morrison,* 234 N.C. 195, 198, 66 S.E.2d 783, 785(1951). Since no such wrongful acts are pled, the Tenth Claim for relief must fail. Therefore, the Tenth Claim for relief against the Bank of NY Mellon, Robert Amerson and Wal-Pat II, LLC is **DISMISSED WITH PREJUDICE.**

### III. ELEVENTH CLAIM FOR RELIEF

The Eleventh Claim for relief against The Bank of NY Mellon, Wal-Pat, and Amerson alleges tortious interference with contracts between the Flanders and Wal-Pat. As to the Eleventh Claim for Relief the Complaint provides:

> (a) The Bank of New York has wrongfully and tortuously [sic] interfered with the valid contracts by and among Flanders/Precisionaire and Wal-Pat II and has demanded that Flanders pay amounts far in excess of its obligations under these contracts" (Complaint, ¶ 346);
> (b) Amerson has wrongfully and tortuously [sic] interfered with the valid contracts by and among Flanders/Precisionaire and Wal-Pat II by attempting to disavow those contracts through his testimony under oath and by offering testimony under oath which is directly contradictory to those contracts which Amerson entered into on behalf of Wal-Pat II" (*id.*, ¶ 347); and

7

>(c) As a result of these actions by The Bank of New York and Amerson, Flanders has been made the subject of a demand for more than $4,400,000.00, Flanders is no longer able to enjoy the use of the premises at the Properties, Flanders has been deprived of its rights under the Leases, and Flanders has been forced to file this action to determine its rights with regard to the Leases and the Properties" (*id.*, ¶ 348).

Again, all the defendants are admittedly engaged in is working together to defend against the claims of Flanders, and/or working together to press claims against Flanders.

"The elements of tortious interference with contract include: (1) a valid contract between plaintiff and a third person which confers upon plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff." *Robinson, Bradshaw & Hinson, P.A. v Smith*, 129 N.C. App. 305, 317, 489 S.E.2d 841, 850 (1998) (citing *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1998), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993).

There are no allegations that the defendants have tortiously offered false testimony, have suborned perjury of each other, or wrongfully engaged in conduct which amounts to nothing more than defending against the claims made by Flanders.  Is it possible that Flanders fears the testimony of Amerson, who may allege, he was forced under duress or threat, to execute the amended leases, without the approval of The Bank of NY Mellon?  Preserving rights under contracts involving the plaintiff and a third party is a legitimate legal right which precludes any inference or finding of bad motive. *Robinson, Bradshaw and Hinson, P. A.* 129 N. C. App. 305, 318(1998)

   As such, Flanders has failed to state a claim for tortious interference with contracts as to The Bank of NY Mellon, Robert Amerson, and Wal-Pat, II, LLC.  Clark has filed a motion to dismiss the Eleventh Claim for relief, but from the complaint, no allegations are made against Clark.

8

If Clark is included, then the Eleventh Claim for relief is also **DISMISSED WITH PREJUDICE** as to Clark.  The Eleventh Claim for relief is **DISMISSED WITH PREJUDICE** as to The Bank of NY Mellon, Robert Amerson, Steven Clark, and Wal-Pat, II, LLC.

The Clerk of Court is directed to close this adversary proceeding.  Costs are taxed to Flanders.

**SO ORDERED.**
**END OF DOCUMENT**